IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WENDOL LEE**                                                                                                      **PLAINTIFF**

**V.**                                                                                 **CAUSE NO. 3:14-CV-56-CWR-FKB**

**STATE OF MISSISSIPPI LEGISLATORS,**                                               **DEFENDANTS**
**ET AL.**

## ORDER

Before the Court is the defendants' motion for summary judgment, which was filed on July 30, 2014. Docket No. 15. The plaintiff has not responded.

**I.      Background**

In his complaint, Wendol Lee claims that Mississippi's laws on habitual criminal conduct, Mississippi Code §§ 99-19-81 and 99-19-83, are cruel and unusual and violate constitutional guarantees of equal protection. Docket No. 1. He seeks $160 billion in damages and a change in the law. *Id.* Later, Lee says he was convicted as a habitual offender in the late 1980s and sentenced to life without parole, ultimately serving two sentences for the same crime in violation of the double jeopardy clause.[1] Docket No. 14. He adds that Mississippi's habitual offender laws disproportionately affect poor and minority citizens. *Id.* at 1.

The defendants argue that Lee's claims are foreclosed by existing precedent, the statute of limitations, and a variety of immunities afforded State officials. Docket No. 15.

---

[1] Lee's account is not completely accurate. He was convicted of burglary as an habitual offender by a Jackson County jury and sentenced to life imprisonment without parole on October 13, 1988. *State v. Lee*, 602 So. 2d 833, 834 (Miss. 1992). On November 27, 1989, the circuit court granted him a new trial where he was again found guilty. *Id.* This time, however, notwithstanding Mississippi Code § 99-19-83, the court sentenced him to serve 25 years, six of which were without parole. *Id.* This sentence is less than that required by either of the habitual offender statutes. Although the State of Mississippi appealed the sentence, the Supreme Court dismissed the appeal for lack of jurisdiction. *Id.* Today, it appears that the circuit court would be reversed. *See Pool v. State*, 724 So. 2d 1044, 1049 (Miss. App. 1998) (trial court lacks discretion to sentence defendant to something less than that required by the habitual offender statute, unless it determines that such sentence should not stand after conducting a proportionality review under the Eighth Amendment).

**II.     Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1).

"Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted); *see also Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) ("With respect to an issue on which the nonmovant would bear the burden of proof at trial, if the movant for summary judgment correctly points to the absence of evidence supporting the nonmovant with respect to such an issue, the nonmovant, in order to avoid an adverse summary judgment on that issue, must produce sufficient summary judgment evidence to sustain a finding in its favor on the issue.").

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995). "These rules apply equally to *pro se* litigants. Although *pro se* pleadings must be viewed liberally, such plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure." *Horton v. Faurecia Automotive*, No. 3:13-CV-21, 2014 WL 2196310, at *2 (S.D. Miss. May 27, 2014).

### III. Discussion

To the extent Lee seeks damages for his own conviction and sentence, his claim is foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994).

> Under *Heck,* a § 1983 plaintiff may not recover damages for an unconstitutional conviction or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid until he has shown that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Morris v. McAllester*, 702 F.3d 187, 189-90 (5th Cir. 2012) (quotation marks and citation omitted); *see also Simpson v. Fordice*, 149 F.3d 1175 (5th Cir. 1998) (applying *Heck* to bar civil rights suit claiming that Mississippi's habitual offender laws were unconstitutional). Because Lee has not produced evidence that his conviction or sentence has been reversed, expunged, invalided, or called into question, he cannot recover damages in this action.

Lee's claims are also barred by the statute of limitations. The conviction in question was affirmed by the Mississippi Supreme Court in 1992, *State v. Lee*, 602 So. 2d 833 (Miss. 1992), and has not been otherwise reversed, expunged, declared invalid, or called into question. Since none of those conditions are satisfied, his three-year period in which to file suit expired in 1995.

Finally, Lee has failed to produce evidence showing how Mississippi's habitual offender laws violate the constitutional guarantee of equal protection. The summary judgment stage was the time to have come forward with such evidence.

### IV. Conclusion

The motion is granted. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 17th day of December, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE